**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRIAN T. GARDNER, an individual** ) | |
| **on behalf of himself and others** ) | |
| **similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No. 08-2559 |
| vs. ) | |
| ) | |
| **SPRINT/UNITED MANAGEMENT** ) | |
| **CO., a Kansas corporation, and SPRINT** ) | |
| **NEXTEL CORPORATION, a Virginia** ) | |
| **Corporation,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

## **ORDER**

On November 24, 2008, the named parties in this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., executed a settlement agreement which provided for a payment to only the named plaintiff. On January 15, 2009, the Court held a hearing on the Joint Motion For Approval Of FLSA Settlement (Doc. #49) filed December 20, 2008. The Court overruled the motion, and requested further information regarding (1) the reasonableness of the distribution of settlement proceeds, including the amount of attorneys' fees and (2) whether putative class members must receive notice of the settlement pursuant to Rule 23, Fed. R. Civ. P. This case comes before the Court on the parties' Joint Motion For Approval Of FLSA Settlement (Doc. #62) filed May 26, 2009. For reasons set forth below, the Court finds that the motion should be sustained.

**Procedural Background**

In August of 2007, plaintiff Brian Gardner contacted the law firm of Pearson, Simon, Warshaw & Penny, LLP ("PSWP") regarding a potential class action against his employer. Gardner asserted that Sprint was not paying its retail consultants earned commissions on a portion of their sales due to software and recording problems, and that it was not including earned commissions as a basis for the regular rate of pay in calculating overtime and related wage and hour claims arising from these two employment violations. PSWP prepared a class action complaint on behalf of Gardner and similarly situated retail consultants. On October 8, 2008, the District Court for the Central District of California granted Sprint's motion to transfer venue to this Court based on the forum selection clause in Gardner's commission agreement with Sprint. After the case was transferred to the District of Kansas, plaintiff's counsel learned of a class action currently pending in this Court, Sibley v. Sprint Nextel Corp., et al., No. 08–cv-2063 (D. Kan. 2008). Like Gardner, plaintiffs in Sibley claim that Sprint failed to pay commissions to its retail consultants in violation of its commission compensation program and the FLSA. On November 24, 2008, this Court certified Sibley as a class action. Because the class certification in Sibley precluded Gardner from litigating his case on a class-wide basis, Gardner and his counsel initiated individual settlement negotiations with Sprint. See Pouya Decl. ¶ 14. Gardner and Sprint reached an individual settlement agreement in which Sprint agreed to pay Gardner $3,000 in damages and  pay counsel $14,500 in attorneys' fees. See id.

**Analysis**

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. 29 U.S.C. § 216(b); Lynn's Food

Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). In order to approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. Lynn's Food Stores, 679 F.2d at 1354. The district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. Baker v. D.A.R.A. II., Inc., No. CV-06-2887-PHX-LOA, 2008 WL 4368913, at *2 (D. Ariz. Sept. 24, 2008). The FLSA also requires that a settlement agreement include an award of reasonable fees. Lee v. The Timberland Co., No. C 07-2367-JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008) (citing 29 U.S.C. § 216(b), court shall allow reasonable attorneys' fee to be paid by defendant). Further, when a plaintiff has voluntarily assumed the fiduciary role of class representative, before the putative class claims may be dismissed, a court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978).

**I. Reasonableness Of Proposed Settlement Agreement**

    A.    Plaintiff's Recovery

Under the proposed settlement, Gardner will receive $3,000.00. Based on Gardner's affidavit and other evidence, this amount slightly exceeds the amount of his lost wages. Thus, Gardner will recover the economic loss which he allegedly suffered as a result of unlawful actions by Sprint. The Court is satisfied that the settlement agreement represents a fair and equitable settlement of Gardner's bona fide dispute with his employer.[1]

---

[1] The prohibition on waiver of FLSA claims except pursuant to a settlement supervised by the Secretary of Labor or an agreement that is judicially approved protects employees from inequality in bargaining powers. See Elliott v. Allstate Investigations, Inc., No. 07 Civ. 6078 (DLC), 2008 WL 728648, at *1 (S.D.N.Y. March 18, 2008).

B.     Attorneys' Fees

The settlement agreement also provides $14,500.00 in attorneys' fees for plaintiff's counsel. The FLSA entitles a prevailing plaintiff to recover a reasonable attorneys' fee and costs. See, e.g., Gray v. Phillips Petroleum Co., 971 F.2d 591, 592-593 (10th Cir. 1992); 29 U.S.C. 216(b). Although the FLSA fee award is mandatory, the Court has discretion to determine the amount and reasonableness of the fee. Wright v. U-Let-Us Skycap Serv., Inc., 648 F.Supp. 1216, 1218 (D. Colo. 1986).

The presumptively reasonable attorneys' fee is the product of reasonable hours times a reasonable rate, which yields a "lodestar" figure that is subject to adjustment. Jackson, 267 F. Supp.2d at 1063-64. Plaintiff bears the burden of documenting the appropriate hours expended and hourly rates. Id. (citing Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249-50 (10th Cir. 1998)).

At the hearing on January 15, 2009, the Court noted that the parties had produced no evidence that the proposed attorneys' fee is reasonable. Plaintiff has now provided detailed billing statements and affidavits which detail the work of plaintiff's counsel throughout this litigation. See Pouya Declaration (Doc. #59-2); PSWP Billing Statement (Doc. #59-3). Bobby Pouya, one of plaintiff's attorneys of record, states that "[t]o date, Gardner has incurred $162,802.00 in attorney's fees and $2,204.92 in costs during the course of this litigation." See Doc. #59-2 at 4. Pouya goes on to state that "[t]he work performed by PSWP was reasonable and necessary to advance the interests of Gardner and the putative class." Id. Indeed, the billing statements reflect that much of counsel's time was spent on matters related to litigating this case as a class action. The Court does not address whether $162,802.00 would constitute a reasonable fee for representing the putative class in this case. Plaintiff's counsel has acknowledged that the Sibley case precludes Gardner from continuing to pursue this case as a class action. The Court

has therefore reviewed the billing statement to determine which hours are reasonably attributable to Gardner's individual claim.

### 1. Reasonable Hours

Bobby Pouya, an associate with the PSWP firm, performed most of the legal work on this case. Daniel Warshaw, a senior partner at the firm, also worked on the case. Based on the Court's review of the record, these two attorneys reasonably expended the following hours on plaintiff's claims:

16 hours – reviewing plaintiff's employment records and drafting the complaint;

10.8 hours – discovery;

7.1 hours – drafting and arguing notice of related case;

29.5 hours – briefing and arguing opposition to motion to dismiss; and

24 hours – settlement matters, including conferences with plaintiff, negotiations, drafting the settlement agreement, and drafting affidavits and briefs in support of the motion for approval of the settlement agreement.

The Court finds that plaintiff's counsel reasonably expended at least 87.4 hours.

### 2. Reasonable Hourly Rate

The billing statement indicates an hourly rate of $350.00 to 455.00 for Bobby Pouya and an hourly rate of $500.00 to $650.00 for Daniel Warshaw. Plaintiff's counsel provide no evidence of the hourly rates which they customarily charge or the hourly rates which they have obtained in other fee award cases. In a recent FLSA case where plaintiffs did not adequately support the requested hourly wage, the Court found that $168.58 was a reasonable hourly fee for attorneys who work on wage and hour cases. See, e.g., Wilhelm v. TLC Lawn Care Inc., 2009 WL 57133 (D. Kan. Jan. 8, 2009). Given this hourly rate, the lodestar would be $14,733.89.

       3.     <u>Adjustment of Lodestar</u>

<u>Johnson v. Georgia Highway Exp. Inc.</u>, 488 F.2d 714 (5th Cir. 1974), identifies twelve factors which the Tenth Circuit uses to adjust the lodestar. See, e.g., <u>In re Miniscribe Corp.</u>, 309 F.3d 1234, 1238 (10th Cir. 2002)).  The Court finds that these factors do not support an upward or downward reduction.  Based on the supporting affidavits and exhibits, the Court finds that $14,500 in attorneys' fees is reasonable.

## II.    **Dismissal of Class Claims**

As noted, when a plaintiff has voluntarily assumed the fiduciary role of a class representative, before the putative class claims may be dismissed, a court must determine whether the settling plaintiff has used the class action claim for unfair personal advantage, with prejudice to absent putative class members.  <u>Shelton</u>, 582 F.2d at 1314.  Where, as here, a dismissal is without prejudice to absent class members' pursuit of their own claims, there is little likelihood of prejudice to them in the absence of evidence that they have relied on the existence of the class action.  <u>Id.</u> at 1315; See <u>Elliott</u>, 2008 WL 728648, at *2 (S.D.N.Y. March 18, 2008).

The Court finds that dismissal of the putative class action claims is appropriate.  As noted, Gardner's individual settlement was driven by the pendency of <u>Sibley</u>.  Because <u>Sibley</u> contains identical claims that Sprint failed to pay commissions to its retail consultants in violation of its commissions compensation program, it effectively preempts Gardner's class claims. The certification of <u>Sibley</u> ensures that class members' rights will be safeguarded by a class action litigation.[2]  Further, the certification in <u>Sibley</u> demonstrates that the individual settlement here was not the product of collusion, but was necessitated by the preemptive effect

---

     [2] Providing notice to class members of the individual settlement in this case and the certification of <u>Sibley</u> could confuse class members.

-6-

of Sibley on the class claims.  This settlement does not provide a windfall to Gardner – who is being paid his claim for lost wages; to Gardner's attorneys – who are recovering a fraction of hours they spent in seeking to bring a class action; or to Sprint – which is still exposed to class liability in Sibley.  Because the Court dismisses the class members' claims without prejudice, they are free to bring their own claims against defendant.  Finally, while this settlement gives Gardner assets which will not be available for disbursement among class members, he is not receiving an amount which suggests that other potential class members will be unable to recover amounts to which they may be entitled under the FLSA.  For these reasons, these claims may be dismissed without reaching the question of class certification and without providing notice to the class.

**IT IS THEREFORE ORDERED** that the Joint Motion for Approval of FLSA Settlement (Doc. #62) filed May 26, 2009 be and hereby is **SUSTAINED**.  The action is **DISMISSED WITH PREJUDICE** with respect to plaintiff Brian T. Gardner and **DISMISSED WITHOUT PREJUDICE** to the claims of putative class members.  Except as provided for in the settlement agreement between the parties, each party shall bear its own attorneys' fees, costs and expenses.

Dated this 2nd of July, 2009 at Kansas City, Kansas.

                                         s/ Kathryn H. Vratil
                                         Kathryn H. Vratil
                                         United States District Court